## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **AISHA BEACH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action File No.** |
| v. | ) | _____ |
| | ) | |
| **HVN, Inc., HANI NASHAR,** | ) | **JURY TRIAL DEMANDED** |
| **SAM NASHAR, and** | ) | |
| **VALERIE NASHAR** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Aisha Beach (hereinafter "Ms. Beach"), by and through undersigned counsel, and files this lawsuit against HVN, Inc., Hani Nashar, Sam Nashar and Valerie Nashar ("Defendants"), pursuant to § 216(b) of the Fair Labor Standards Act of 1938, showing as follows:

## INTRODUCTION

1.

Sam Nashar and Valerie Nashar are the owners of HVN, Inc. ("HVN"). Hani Nashar is the store manager of the company's store location in Austell, Georgia. HVN, Sam Nashar, Valerie Nashar and Hani Nashar jointly employed

Ms. Beach. Therefore, HVN, Sam Nashar, Valerie Nashar, and Hani Nashar are joint employers.

2.

The instant action arises from Defendants' violations of Ms. Beach's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), to remedy violations of the FLSA by Defendants which have deprived Ms. Beach of her lawful overtime wages.

3.

During the employment of Ms. Beach, Defendants violated the FLSA by failing to compensate Ms. Beach at all for the legally appropriate overtime rate for hours worked in excess of forty (40) hours in a given workweek.

4.

Ms. Beach seeks unpaid overtime compensation for work performed, an equal amount in liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

6.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b) and (c) because the acts complained of occurred within the State of Georgia and because Defendants are subject to personal jurisdiction in this District.

## **PARTIES**

7.

Ms. Beach resides in Douglas County (within this District) and is a citizen of the United States.

8.

At all times material to this action, Ms. Beach was an "employee" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States. Ms. Beach is further covered by §§ 203 and 207 of the FLSA for the period in which she was employed by Defendants.

9.

HVN is a North Carolina corporation with its principal office located at 1325 East Dixon Blvd., Shelby, NC. HVN regularly does business in the State of Georgia and may be served through its registered agent at 403 East US Highway 80, Unit N, Savannah, GA 31408. At all times material hereto, HVN was an "employer" of Ms. Beach for purposes of the FLSA.

10.

Defendant Hani Nashar is a Georgia resident. On information and belief, Hani Nashar is the store manager of HVN's Boost Mobile location in Austell, Georgia. At all times material hereto, Hani Nashar exercised control over significant aspects of the operations of HVN, including employee compensation, and HVN personally played a substantial role in causing the FLSA violations set forth in this Complaint. As a result, Hani Nashar was an "employer" of Ms. Beach for purposes of the FLSA, and Hani Nashar jointly and severally liable for the failure to pay Ms. Beach as required. Defendants maintained either actual or constructive control, oversight and direction of its employees, including the employment, pay, and other practices.

11.

Defendant Sam Nashar is a North Carolina resident. On information and belief, Sam Nashar is the owner and operator of HVN. At all times material hereto, Sam Nashar exercised control over significant aspects of the operations of HVN, including employee compensation, and HVN personally played a substantial role in causing the FLSA violations set forth in this Complaint. As a result, Sam Nashar was an "employer" of Ms. Beach for purposes of the FLSA, and Sam Nashar jointly and severally liable for the failure to pay Ms. Beach as required.

Defendants maintained either actual or constructive control, oversight and direction of its employees, including the employment, pay, and other practices.

12.

Defendant Valerie Nashar is a North Carolina resident. On information and belief, Valerie Nashar is the owner and operator of HVN. At all times material hereto, Valerie Nashar exercised control over significant aspects of the operations of HVN, including employee compensation, and Valerie Nashar personally played a substantial role in causing the FLSA violations set forth in this Complaint. As a result, HVN was an "employer" of Ms. Beach for purposes of the FLSA, and Valerie Nashar jointly and severally liable for the failure to pay Ms. Beach as required. Defendants maintained either actual or constructive control, oversight and direction of its employees, including the employment, pay, and other practices.

13.

At all times material to this action, HVN, Sam Nashar, Valerie Nashar, and Hani Nashar were Ms. Beach's "joint employer" for purposes of the FLSA due to an arrangement between the individual Defendants to share the services of Ms. Beach, and/or because one of the individual Defendants acted directly or indirectly in the interest of the other Defendants in relation to Ms. Beach, and/or because the individual Defendants shared control of Ms. Beach's employment, and/or because

5

one Defendant controls the other Defendant, and/or because the Defendants are under common control.

14.

At all times material hereto, the Defendants had two or more employees who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce. Thus, the Defendants were an enterprise engaged in commerce or in the production of goods for commerce for purposes of the FLSA.

## FACTUAL ALLEGATIONS

15.

From August 24, 2016 until October 11, 2016, Ms. Beach was employed by Defendants.

16.

At all times relevant hereto, Ms. Beach was not responsible for managing any other employees. Ms. Beach did not conduct any employees' reviews, schedules, vacation requests or warnings.

17.

At all times relevant hereto, Ms. Beach did not possess the authority to hire or fire other employees.

18.

At all times relevant hereto, Ms. Beach's suggestions and recommendations, if any, as to the hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight.

19.

At all times relevant hereto, Ms. Beach did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities he performed.

20.

At all times relevant hereto, Ms. Beach was a non-exempt employee for purposes of overtime compensation.

21.

While employed by Defendants, Ms. Beach was always required to work in excess of forty (40) hours a week.

22.

During Ms. Beach's employment with Defendants, Defendants did not compensate Ms. Beach for time worked in excess of forty (40) hours per week on a basis of one and one-half times the regular rate of pay, as required by law.

23.

The records, if any, concerning the number of hours actually worked and the compensation actually paid to Ms. Beach are in the possession of Defendants.

## COUNT ONE: FLSA VIOLATION (OVERTIME)

24.

Ms. Beach realizes and incorporates paragraphs 1 through 23 of this Complaint, as if fully set forth herein.

25.

Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA, 29 U.S.C. § 207 or § 213, with respect to Ms. Beach.

26.

Defendants failed to meet the requirements for paying Ms. Beach at the rate of at least one and one-half times the regular hourly rate for time worked in excess of forty (40) hours per week as legally required under the compensation requirements of the FLSA, 29 U.S.C. § 203 and § 207.

27.

Defendants are liable to Ms. Beach for compensation for any and all time Ms. Beach worked in excess of forty (40) hours per week at the rate of at least one

and one-half times the regular hourly rate as legally required under the compensation requirements of the FLSA, 29 U.S.C. § 203 and § 207.

28.

By its actions alleged herein, Defendants willfully, intentionally, knowingly, and/or recklessly violated the FLSA provisions and corresponding federal regulations.

29.

Defendants willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime compensation to Ms. Beach in accordance with § 203 and § 207 of the FLSA.

30.

As a result of Defendants' violations of the FLSA, Ms. Beach has suffered damages by failing to receive overtime wages in accordance with § 203 and § 207 of the FLSA.

31.

As a result of Defendants' willful violations of the FLSA, Ms. Beach is entitled to liquidated damages.

## COUNT TWO: BREACH OF CONTRACT

32.

Ms. Beach realigned and incorporates Paragraphs 1 through 31 of this Complaint, as if fully set forth herein.

33.

Defendants agreed to pay Ms. Beach an hourly wage for each hour worked.

34.

Defendants also agreed to pay Ms. Beach a commission based on a total amount of sales.  Ms. Beach never received any commission checks.

35.

By Failing to pay Ms. Beach for each hour worked and her commission, Defendants breached their agreement with Ms. Beach.

36.

As a result of Defendants' breach of contract, Ms. Beach is entitled to damages, including pre-judgment interest, in an amount to be determined at trial.

## COUNT THREE: ATTONREYS' FEES AND EXPENSES

37.

Ms. Beach realizes and incorporates Paragraphs 1 through 36 of this Complaint, as if fully set forth herein.

38.

Ms. Beach has retained undersigned counsel to represent her in this action and has incurred costs and reasonable attorneys' fees.

39.

Pursuant to 29 U.S.C. § 216(b), Ms. Beach is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

40.

Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Ms. Beach.

41.

As a result of Defendants' unlawful acts, Ms. Beach has been deprived of overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Beach, pursuant to § 216(b) of the FLSA, prays for the following relief:

(a) that she be awarded damages in the amount of her unpaid compensation, plus an equal amount of liquidated damages;

(b) that she be awarded the costs and expenses of this action; and

(c) that this Court enter such other and further relief as is just and proper under the circumstances.

[DATE AND SIGNATURES FOLLOW]

Respectfully submitted this 21st day of November, 2016.

           **COHAN LAW GROUP, LLC**

           */s/ Louis R. Cohan*

           LOUIS R. COHAN
           Georgia Bar No. 173357
           ARIEL D. FENSTER
           Georgia Bar No. 420858

3340 Peachtree Road, NE, Suite 2570
Atlanta, Georgia 30326
(404) 891-1770
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
afenster@cohanlawgroup.com

I further certify that the foregoing has been prepared in a Times New Roman 14-point font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

           **COHAN LAW GROUP, LLC**

           */s/ Ariel D. Fenster*

           ARIEL D. FENSTER
           Georgia Bar No. 420858